**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | | |
|---|---|---|
| **MARIO A. HERNANDEZ,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.** |
| | § | |
| **STANDARD GUARANTY INSURANCE** | § | **JURY** |
| **COMPANY,** | § | |
| | § | |
| **Defendant.** | § | |

**STANDARD GUARANTY INSURANCE COMPANY'S NOTICE OF REMOVAL**

    1.    Defendant Standard Guaranty Insurance Company ("Standard Guaranty") files this Notice of Removal against Plaintiff Mario A. Hernandez ("Plaintiff") as follows:

## I.   COMMENCEMENT AND SERVICE

    2.    The underlying lawsuit was commenced on March 1, 2016, when Plaintiff filed his Original Petition ("Original Petition") in the 430th Judicial District Court of Hidalgo County, Texas, styled Cause No. C-0984-16-J, *Mario A. Hernandez v. Standard Guaranty Insurance Company*.[1]

    3.    Standard Guaranty was served on March 7, 2016.[2]  The amount in controversy was not apparent on the face of the Original Petition.[3]  On March 9, 2016, Plaintiff provided Standard Guaranty with an estimate, by which Standard Guaranty was first able to ascertain that the case was removable.[4]

    4.    Standard Guaranty filed an answer in state court on March 28, 2016.[5]

---

[1] *See* Exhibit B-1, Original Petition.

[2] *See* Exhibit A, Executed Process.

[3] *See* Exhibit B-1, Original Petition.

[4] *See* Exhibit I, Affidavit of Jeremy A. Williams; Exhibit I-1, Plaintiff's Estimate.

[5] *See* Exhibit B-2, Defendant's Original Answer.

5.      This Notice of Removal is filed within thirty days of the receipt of process of a copy of an amended pleading, motion, order or other paper from which it was first ascertained that the case is one which is or has become removable, and is timely filed under 28 U.S.C. § 1446(b)(3).[6]  This Notice of Removal is also filed within one year of the commencement of this action, and is thus timely pursuant to 28 U.S.C. § 1446(c).

## II.     GROUNDS FOR REMOVAL

6.      Standard Guaranty is entitled to remove the state court action to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 because this action is a civil action between parties with diverse citizenship and involving an amount in controversy exceeding $75,000.00.

## III.     DIVERSITY OF CITIZENSHIP

7.      This is an action with complete diversity of citizenship between Plaintiff and Defendant.

8.      Plaintiff is a citizen of Texas.[7]

9.      Defendant Standard Guaranty is a foreign insurance company.[8]

10.     No change of citizenship has occurred since commencement of the state court action.  Accordingly, diversity of citizenship exists among the proper parties.

## IV.     AMOUNT IN CONTROVERSY

11.     In the Fifth Circuit, a defendant who is served with a pleading requesting an indeterminate amount of damages has two options.  The defendant may either remove the case immediately if it can reasonably conclude that the amount in controversy exceeds $75,000.00, or

---

[6] *See* Exhibit I, Affidavit of Jeremy A. Williams; *Gonzalez v. Wal–Mart Stores, Texas, LLC*, 2015 WL 3613648, at *1 (S.D. Tex. June 9, 2015) (acknowledging that the discovery responses, pleadings, deposition transcripts, or attorney communications may constitute an "other paper" under § 1446(b)(3)); Exhibit I-1, Plaintiff's Estimate.

[7] *See* Exhibit B-1, Plaintiff's Original Petition, at pg 2; Exhibit I-2, Accurint Report on Mario A. Hernandez, at page 2 (demonstrating that Mr. Hernandez has resided in Texas since 1993).

[8] *See* Exhibit H, Affidavit of Jim Kroll.

the defendant may wait until the plaintiff serves some "other paper" indicating that the amount in controversy exceeds that amount.[9]   If the defendant chooses to remove the case immediately, then the federal court may determine the amount in controversy by: (i) looking to the defendant's removal papers or (ii) making an independent appraisal of the amount of the claim.[10]   In this Circuit, the amount in controversy is calculated by considering all potential damages.[11]

12.     If this Court makes an independent appraisal of the amount of Plaintiff's claims in this case or relies on Standard Guaranty's removal papers, the Court will conclude that the amount in controversy exceeds $75,000.00.   On March 9, 2016, after counsel for Standard Guaranty requested a demand letter, Plaintiff's counsel produced an estimate seeking $63,324.23 in economic damages.[12]   This amount does not include additional damages sought in the Original Petition, such as mental anguish damages, treble damages, exemplary damages, 18% statutory interest penalty damages, and attorney's fees incurred through trial.[13]   Here, Plaintiff's alleged

---

[9] *See* U.S.C. § 1446(b)(3); U.S.C. § 1446(c)(3)(A).

[10] *Allan v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995) (holding that "[a] court, in applying only common sense, would find that if the plaintiffs were successful in their punitive damages claim, they would collect more than [$75,000.]"); *Marcel v. Pool Co.*, 5 F.3d 81, 84–85 (5th Cir. 1993) (holding that remand was properly denied where it was "facially apparent" from the complaint that damages could easily exceed the court's jurisdictional limits).

[11] *U.S. Fire Ins. Co. v. Villegas*, 242 F.3d 279, 284 (5th Cir. 2001) (relying on all potential damages to establish the threshold amount in controversy for diversity jurisdiction, including exemplary or punitive damages); *St. Paul Reinsurance Co., Ltd v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("Thus, in addition to policy limits and potential attorney's fees, items to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law are inter alia penalties, statutory damages, and punitive damages—just not interest or costs."); *St. Paul Reinsurance Co., Ltd. V. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("Thus, in addition to policy limits and potential attorney's fees, items to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law are inter alia penalties, statutory damages, and punitive damages—just not interest or costs.").

[12] *See* Exhibit I, Affidavit of Jeremy A. Williams; Exhibit I-1, Plaintiff's Estimate.

[13] *See* Exhibit B-1, Original Petition; Exhibit I-1, Plaintiff's Estimate; *U.S. Fire Ins. Co.*, 242 F.3d at 284 (relying on all potential damages to establish the threshold amount in controversy for diversity jurisdiction, including exemplary or punitive damages); *St. Paul Reinsurance Co., Ltd v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("Thus, in addition to policy limits and potential attorney's fees, items to be considered in ascertaining the amount in controversy when insurer could be liable for those sums under state law are inter alia penalties, statutory damages, and punitive damages—just not interest or costs.").

treble damages alone amount to more than $189,000.00.[14]  Furthermore, based on the claims asserted and the intricate issues involved, the amount of attorneys' fees sought will greatly increase throughout the course of litigation.[15]  Accordingly, Plaintiff's Original Petition and estimate establish that the total amount in controversy in the action exceeds the sum of $75,000.00, and this Court has jurisdiction under 28 U.S.C. § 1332.

## V.    VENUE

13.    Venue lies in the Southern District of Texas, McAllen Division, pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the Plaintiff filed the state court action in this judicial district and division.

## VI.    CONSENT TO REMOVAL

14.    No Consent to Removal is necessary as Standard Guaranty is the only named defendant in this lawsuit.

## VII.    NOTICE

15.    Defendant will give notice of the filing of this notice of removal to all parties of record pursuant to 28 U.S.C. § 1446(d).  Defendant will also file with the clerk of the state court, and will serve upon Plaintiff's counsel, a notice of the filing of this Notice of Removal.

## VIII.    STATE COURT PLEADINGS

16.    Copies of all state court pleadings and orders are attached to this Notice of Removal.

## IX.    EXHIBITS TO NOTICE OF REMOVAL

17.    Pursuant to Rule 81 of the Local Civil Rules for the Southern District of Texas, the following documents are attached to this Notice as corresponding numbered exhibits:

---

[14] *Id.*

[15] *St. Paul Reinsurance Co., Ltd.*, 134 F.3d at 1253 (stating that amount in controversy should include potential attorney's fees incurred through trial).

A.  All executed process in the case;

B.  Pleadings asserting causes of action, e.g., petitions, counterclaims, cross actions, third-party actions, interventions and all answers to such pleadings;

    1.  Plaintiff's Original Petition and Request for Disclosure;

    2.  Standard Guaranty's Original Answer;

C.  All orders signed by the state judge;

D.  The docket sheet;

E.  An index of matters being filed;

F.  A list of all counsel of record, including addresses, telephone numbers and parties represented;

G.  Civil Cover Sheet;

H.  Affidavit of Jim Kroll;

I.  Affidavit of Jeremy A. Williams;

    1.  Plaintiff's Estimate;

    2.  Accurint Report on Mario A. Hernandez.

## X.   <u>CONCLUSION</u>

WHEREFORE, Defendant, pursuant to the statutes cited herein, removes this action from the 430th Judicial District Court of Hidalgo County, Texas to this Court.

Dated:  April 8, 2016

Respectfully submitted,

EDISON, MCDOWELL & HETHERINGTON, LLP

By:/s/ Bradley J. Aiken
    Bradley J. Aiken
    State Bar No. 24059361
    Federal Bar No. 975212

Phoenix Tower
3200 Southwest Freeway, Suite 2100
Houston, Texas 77027
Telephone: (713) 337-5580
Facsimile: (713) 337-8850
brad.aiken@emhllp.com

*Attorney-in-Charge for Defendant*
*Standard Guaranty Insurance Company.*

Of Counsel:

Jeremy A. Williams
State Bar No. 24090467
Federal Bar No. 2639638
EDISON, MCDOWELL & HETHERINGTON, LLP
Phoenix Tower
3200 Southwest Freeway, Suite 2100
Houston, Texas 77027
Telephone: (713) 337-5586
Facsimile:  (713) 337-8850
Jeremy.williams@emhllp.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on the 8th day of April, 2016, on the following counsel of record by certified mail, return receipt requested:

Danny Ray Scott
Sean M. Patterson
SCOTT LAW OFFICES
350 Pine Street, Suite 1419
Beaumont, Texas  77701

*/s/ Bradley J. Aiken*
Bradley J. Aiken