# EXHIBIT B-1

Electronically Filed
3/1/2016 12:17:48 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

CAUSE NO. C-0984-16-J _____

| | | |
|---|---|---|
| MARIO A. HERNANDEZ | § § § | IN THE DISTRICT COURT |
| v. | § § § § | \_\_\_\_ JUDICIAL DISTRICT |
| STANDARD GUARANTY INSURANCE COMPANY | § § | HIDALGO COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES MARIO A. HERNANDEZ (herein after referred to as "Plaintiff"), complaining of Defendant, STANDARD GUARANTY INSURANCE COMPANY, (hereinafter referred to as "STANDARD GUARANTY") and hereby respectfully show unto the Court and Jury as follows:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff asks the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### PARTIES

2. Plaintiff, MARIO A. HERNANDEZ, is an individual and resident of Hidalgo County and citizen of the state of Texas.

3. Defendant, STANDARD GUARANTY INSURANCE COMPANY hereinafter "STANDARD GUARANTY," is a foreign insurance carrier, incorporated and engaging in the

Case 7:16-cv-00163 Document 1-2 Filed in TXSD on 04/08/16 Page 3 of 13

C-0984-16-J

Electronically Filed
3/1/2016 12:17:48 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

business of insurance in the State of Texas, and may be served with process by serving its President or any officer, located at 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

### JURISDICTION AND VENUE

4. This Court has Jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court.

5. Venue is mandatory and proper in Hidalgo County, Texas, because all or a substantial part of the events giving rise to the lawsuit occurred in this county (see Tex. Civ. Prac. & Rem. Code § 15.002).

### CONDITIONS PRECEDENT

6. All conditions precedent to recovery have been performed, waived, or have occurred.

### FACTS

7. Plaintiff is the owner of a homeowner insurance policy, policy number SLS708962801, issued by the Defendant (hereinafter referred to as the "Policy").

8. Plaintiff owns the insured property that is specifically located at 8417 Zurich Avenue, Mission, Texas 78573 (hereinafter referred to as the "Property").

9. Defendant or its agent sold the Policy, insuring the property, to Plaintiff.

10. On or about March 26, 2015, Plaintiff's property sustained windstorm and hail damage. On or about January 4, 2015, Plaintiff's property sustained interior damage due to a fallen object.

11. Plaintiff submitted the claims to STANDARD GUARANTY against the Policy for damage caused to the property as a result of the wind and hail and the fallen object. Plaintiff

Case 7:16-cv-00163  Document 1-2  Filed in TXSD on 04/08/16  Page 4 of 13

C-0984-16-J

Electronically Filed
3/1/2016 12:17:48 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

asked STANDARD GUARANTY to cover the cost of repairs to the Property pursuant to the Policy and any other available coverages under the Policy. STANDARD GUARANTY assigned claim numbers 00101814923 and 00101814918 to Plaintiff's claims.

12. STANDARD GUARANTY hired or assigned an adjuster to inspect Plaintiff's property.

13. STANDARD GUARANTY performed an insufficient and unreasonable investigation of Plaintiff's claims. STANDARD GUARANTY failed to inspect and did not document all of the damage caused by the storm and the fallen object to Plaintiff's property.

14. STANDARD GUARANTY failed to properly adjust the claims and Defendant has denied at least a portion of the claims without an adequate investigation, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, STANDARD GUARANTY underpaid portions of Plaintiff's claims by not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during its investigation.

15. To date, STANDARD GUARANTY continues to delay in the payment for the damages to the Property. As such, Plaintiff's claim(s) still remain unpaid and Plaintiff still has not been able to properly repair the Property.

16. Defendant failed to perform its contractual duty to adequately compensate Plaintiff under terms of the policy. Specifically, Defendant failed and refused to pay any of the proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Defendant's conduct constitutes a

Case 7:16-cv-00163 Document 1-2 Filed in TXSD on 04/08/16 Page 5 of 13

C-0984-16-J

Electronically Filed
3/1/2016 12:17:48 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

breach of the insurance contract between Defendant and Plaintiff.

17. Defendant misrepresented to Plaintiff that the damages to the Property were not covered under the Policy, even though the damages were caused by covered occurrences. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS. CODE §541.060 (a) (1).

18. Defendant failed to make an attempt to settle Plaintiff's claims in a fair manner, although it was aware of its liability to Plaintiff under the Policy. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060 (a)(2)(A).

19. Defendant failed to explain to Plaintiff the reason for its offer of an inadequate settlement. Specifically, STANDARD GUARANTY failed to offer Plaintiff adequate compensation, without adequate explanation of the basis in the policy why full payment was not being made. Further, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claims. Defendant's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE. §541.060 (a)(3).

20. Defendant failed to affirm or deny coverage of Plaintiff's claims within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claims, in writing from Defendant. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(4).

C-0984-16-J

Electronically Filed
3/1/2016 12:17:48 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

21. Defendant refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant performed an outcome-oriented investigation of Plaintiff's claims, which resulted in a biased, unfair, and inadequate evaluation of Plaintiff's losses on the Property. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(7).

22. Defendant failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claims, beginning an investigation of Plaintiff's claims, and requesting all information reasonably necessary to investigate Plaintiff's claims within the statutorily mandated time of receiving notice of Plaintiff's claims. STANDARD GUARANTY'S conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX.INS.CODE §542.055.

23. Defendant failed to accept or deny Plaintiff's full and entire claims within the statutorily mandated time of receiving all necessary information. STANDARD GUARANTY'S conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §542.056.

24. Defendant failed to communicate with Plaintiff to insure that he understood the coverage denials that he received.

### COUNT ONE: BREACH OF CONTRACT

25. Plaintiff incorporates paragraphs 10-24 herein.

26. At the time of the March 26, 2015 and January 4, 2015 incidents, Plaintiff had in place a policy issued by STANDARD GUARANTY. The premiums were current. All

Electronically Filed
3/1/2016 12:17:48 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

**C-0984-16-J**

conditions precedent to recovery were made. Defendant wrongfully failed to comply with the terms of the contract. Defendant is, therefore, in breach of the contract of insurance issued to Plaintiff.

27. Defendant's conduct constitutes a breach of contract resulting in damages to the Plaintiff.

### COUNT TWO: DTPA

28. Plaintiff incorporates paragraphs 10-24 herein.

29. Plaintiff is a "consumers" as defined by Tex. Bus. Code § 17.45(4). Plaintiff sought or acquired goods or services by purchasing those goods or services from Defendant. STANDARD GUARANTY violated the TEXAS DECEPTIVE TRADE PRACTICES ACT ("DTPA")(TEX. BUS. & COM. CODE §17.44 et seq.) because Defendant engaged in false, misleading and/or deceptive acts or practices that Plaintiff relied on to his detriment.

30. The acts and omissions of Defendant also constitute violations of the Texas Deceptive Trade Practice Act, including, but not limited to:

   a. Committing false, misleading or deceptive acts or practices as defined by §17.46(b); and

   b. Use of employment of an act or practice in violation of the Texas Insurance Code Chapter 541.151 et seq. as described herein.

31. The acts and omissions of Defendant were a producing cause of the Plaintiff's damages.

32. Defendant's conduct was committed knowingly and/or intentionally because, at the time of the acts and practices complained of, Defendant had actual awareness of the falsity, deception or unfairness of the acts or practices giving rise to Plaintiff's claims and they acted

Case 7:16-cv-00163 Document 1-2 Filed in TXSD on 04/08/16 Page 8 of 13

C-0984-16-J

Electronically Filed
3/1/2016 12:17:48 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

with a specific intent that Plaintiff act in detrimental reliance on the falsity or deception and/or in detrimental ignorance of the unfairness.

### COUNT THREE: §541 ET SEQ. TEXAS INSURANCE CODE

33. Plaintiff incorporates paragraphs 10-24 herein.

34. STANDARD GUARANTY violated the TEXAS INSURANCE CODE § 541 et seq. because they engaged in unfair and/or deceptive acts or practices in the business of insurance. Specifically, STANDARD GUARANTY's acts and omission include violation of:

    a. §541.051;

    b. §541.051(4);

    c. engaging in unfair settlement practices by (§541.060):

        i. misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

        ii. failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claims with respect to which STANDARD GUARANTY'S liability has become reasonably clear;

        iii. failing to promptly provide Plaintiff a reasonable explanation of the factual and legal basis in the policy for STANDARD GUARANTY'S denial of the claims;

        iv. failing to affirm or deny coverage within a reasonable time; and refusing to pay a claims without conducting a reasonable investigation of the claims.

    d. misrepresenting Plaintiff's insurance policy by (§541.061):

        i. making an untrue statement of material fact;

        ii. failing to state a material fact that is necessary to make other statements made not misleading, considering the circumstances under which the statements were made; and

Electronically Filed
3/1/2016 12:17:48 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

**C-0984-16-J**

        iii.      making a statement in such a manner as to mislead a reasonably prudent person to a false conclusion of a material fact; and

    e.    §17.46(b) of the TEXAS DECEPTIVE TRADE PRACTICE ACT, incorporated by TEXAS INSURANCE CODE §541.151.

35.    STANDARD GUARANTY's conduct was committed knowingly because Defendant had actual awareness of the falsity, unfairness or deception of their acts or practices made the basis for Plaintiff's claims for damages under the TEXAS INSURANCE CODE.

36.    Defendant's conduct described above was a producing cause of Plaintiff's injuries.

### COUNT FOUR: TEXAS INSURANCE CODE §542

37.    Plaintiff incorporates paragraphs 10-24 herein.

38.    STANDARD GUARANTY violated the Texas Insurance Code section 542 because they failed to do the following within the statutorily mandated time of receiving all necessary information:

    a.    Failing to timely acknowledge the Plaintiff's claims;

    b.    Failing to commence an investigation of Plaintiff's claims;

    c.    Failing to request all information reasonably necessary to investigate Plaintiff's claims within the statutorily mandated deadlines;

    d.    Failing to give proper notice of the acceptance or rejection of part or all of Plaintiff's claims;

    e.    Failing to accept or deny Plaintiff's full and entire claims within the statutorily mandated time of receiving all information;

    f.    Failing to pay Plaintiff's claims without delay; and

    g.    Failing to include the requisite penalty interest on any and all payments made beyond the statutorily designated time to make payment in full for

C-0984-16-J

Electronically Filed
3/1/2016 12:17:48 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

Plaintiff's claims.

39. Such failures constitute violations of Texas Insurance Code Section 542.055, 542.056, 542.057, and 542.058. As a result of the foregoing violations, Plaintiff request damages under Texas Insurance Code section 542.060.

### COUNT FIVE: GOOD FAITH AND FAIR DEALING

40. Plaintiff incorporates paragraphs 10-24 herein.

41. STANDARD GUARANTY and/or its adjusters owed Plaintiff a duty of good faith and fair dealing. STANDARD GUARANTY and/or its adjusters breached this duty when they denied Plaintiff's claims because STANDARD GUARANTY and/or its adjusters knew or should have known that it was reasonably clear that Plaintiff's claims were covered. STANDARD GUARANTY'S breach of this duty was a proximate cause of Plaintiff's damages.

### COUNT SIX: FRAUD

42. Plaintiff incorporates paragraphs 10-24 herein.

43. Common Law Fraud. Defendant STANDARD GUARANTY made various representations to Plaintiff regarding his windstorm / hailstorm claim, and fallen object claim including material representations regarding prior repairs, material representations regarding policy coverages, whether or not claims were covered, and/or the value of claims, which were material and false. At the time STANDARD GUARANTY made the representations they knew the representations were false or made the representations recklessly as a positive assertion without knowledge of the truth. STANDARD GUARANTY made these representations with the intent that Plaintiff act on them by not further pursuing claims and/or thinking there was no other money to recover. Plaintiff relied on the representations and this caused injury.

Electronically Filed
3/1/2016 12:17:48 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

C-0984-16-J

44.  Constructive Fraud. A breach of fiduciary duty is a form of constructive fraud. The acts and omissions of STANDARD GUARANTY constitute constructive fraud.

45.  Fraud by Non-disclosure.

(a)  STANDARD GUARANTY had a duty to Plaintiff to disclose the extent and value of damages suffered by Plaintiff and that it owed Plaintiff money for his claims. STANDARD GUARANTY concealed from, or failed to disclose these facts to Plaintiff. The facts were material and STANDARD GUARANTY knew that the Plaintiff was ignorant of the facts and that Plaintiff did not have an equal opportunity to discover the facts.

(b)  STANDARD GUARANTY was deliberately silent when they owed a duty to advise Plaintiff of the damages and the extent of the damages and the amount it owed Plaintiff. By failing to disclose these facts STANDARD GUARANTY intended to induce the Plaintiff to believe no money was owed on the claims. Plaintiff relied on the non-disclosure and was injured.

### WAIVER AND ESTOPPEL

46.  Defendant has waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

### DAMAGES

47.  As a direct result of Defendant's conduct, Plaintiff has suffered economic damages all of which he is entitled to recover. Plaintiff is entitled to recover, in addition to the amount of the claims, interest on the amount of the claims at the rate of 18 percent a year as

Case 7:16-cv-00163   Document 1-2   Filed in TXSD on 04/08/16   Page 12 of 13

C-0984-16-J

Electronically Filed
3/1/2016 12:17:48 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

damages, together with reasonable attorney's fees. Plaintiff is also entitled to recover mental anguish damages because Defendant acted in bad faith and because Defendant's knowing conduct was the producing cause of Plaintiff's mental anguish.

48.   Pursuant to the DTPA and the Texas Insurance Code, Plaintiff is also entitled to recover treble damages because Defendant's conduct was committed knowingly.

49.   Plaintiff is entitled to exemplary damages as a result of Defendant's breach of duties owed as described in the paragraphs above. When viewed objectively from the standpoint of the Defendant at the time of the occurrence in question, Defendant's conduct involved an extreme degree of risk, considering the probability and magnitude of the harm to others and of which the Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. In the alternative, Defendant had specific intent to cause substantial harm to Plaintiff.

### ATTORNEY FEES

50.   Pursuant to TEXAS CIVIL PRACTICES & REMEDIES CODE §§38.001, *et seq.*, DTPA § 17.50(d), and TEXAS INSURANCE Codes § 541.152 and §542.060, Plaintiff seeks recovery of his reasonable and necessary attorney fees and court costs.

### JURY DEMAND

51.   Plaintiff respectfully requests a trial by jury.

### PRAYER

52.   For these reasons, Plaintiff asks that he have judgment against Defendant for his economic damages, mental anguish damages, treble damages, exemplary damages, reasonable and necessary attorney fees, pre-judgment and post-judgment interest as allowed by law, costs

Electronically Filed
3/1/2016 12:17:48 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

C-0984-16-J

of suit, and all other relief to which Plaintiff may show himself entitled.

                                        Respectfully Submitted,

                                        SCOTT LAW OFFICES
                                        350 Pine Street, Suite 1419
                                        Beaumont, Texas 77701
                                        Telephone: (409) 833-5400
                                        Facsimile:   (409) 833-5405

                                        */s/Danny Ray Scott*
                                        Danny Ray Scott
                                        State Bar No. 24010920
                                        danny@scottlawyers.com
                                        Sean M. Patterson
                                        State Bar No. 24073546
                                        sean@scottlawyers.com

                                        *Attorneys for Plaintiff*